NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 15a0227n.06

No. 14-3821

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

JEFFREY K. HENRY,

    Plaintiff-Appellant,

v.

NORFOLK SOUTHERN RAILWAY
COMPANY,

    Defendant-Appellee.

_____/

)
)
)
)
)
)
)
)
)
)
)

FILED
Mar 24, 2015
DEBORAH S. HUNT, Clerk

On Appeal from the United States
District Court for the Southern
District of Ohio

**Before: GUY, COOK, and McKEAGUE, Circuit Judges.**

**RALPH B. GUY, JR., Circuit Judge.** Plaintiff, Jeffrey Henry, brought an action against his employer, Defendant, Norfolk Southern Railway Company, under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, claiming that he was injured on the job due to repeated exposure to unsafe ground conditions while he was employed as a conductor. Henry alleged that he sustained "cumulative trauma to his back which culminated on March 11, 2011 when his back went out at work and he became disabled." Norfolk filed a motion for summary judgment claiming that Henry's claim was barred by FELA's three-year statute of limitations. 45 U.S.C. § 56. The district court agreed and granted Norfolk's motion. Henry filed this timely appeal. We **AFFIRM**.

**I.**

Jeffrey Henry worked as a conductor for Norfolk from the mid-1990s until the event on March 11, 2011. During that time, he made multiple trips to emergency rooms and urgent care facilities complaining of severe back pain. In 2005, he experienced severe lower back pain at work after tightening an engine brake. He was diagnosed with an acute lumbosacral strain and degenerative changes of spondylosis at L3-L4 and hypertrophic spurring. In 2008, Henry reported similar symptoms and was diagnosed once again with a lumbosacral strain. On October 18, 2009, Henry experienced another incident of severe back pain after he bent over to pick up a piece of paper at home. After a trip to the emergency room, he was diagnosed with disc bulging and degenerative changes to the following intervertebral discs: L3-L4, L4-L5, and L5-S1. The 2009 incident caused Henry to miss six months of work while he recovered and completed physical therapy.

When Henry returned to work in May 2010, he worked about 90% of his time at the Haverhill Coke Plant in Franklin Furnace, Ohio. During this time, Henry experienced only mild, intermittent, non-disabling back pain. Much of the ground at Haverhill was covered in coke, (a coal derivative), which required Henry to walk and maneuver on irregular and shifting surfaces.

On March 11, 2011, Henry was not experiencing any back pain when he reported for work. Later in the day, he experienced another incident of severe back pain while attempting to get out of a chair. Henry was taken to the emergency room and diagnosed with an acute lumbar strain and a CT scan of his back showed that he had degenerative disk and facet disease. An MRI revealed that Henry's spine was in the same condition as it was in 2009 except the disk bulge at the L3-L4 level was slightly larger than it appeared in the 2009 MRI.

Henry filed the present action on December 17, 2012. Norfolk filed a motion for summary judgment claiming that Henry's lawsuit was barred by FELA's three-year statute of limitations. That statute provides, "[n]o action shall be maintained under this chapter unless commenced within three years from the day the cause of action ***accrued***." 45 U.S.C. § 56 (emphasis added). To fall within the three-year limitations period Henry's action would have had to have "accrued" by December 17, 2009, or later.

## II.

### A.      Summary Judgment Standard

We review the district court's grant of summary judgment de novo, "making all reasonable inferences in favor of the non-moving party to determine if a genuine issue of material fact indeed exists." *E.E.O.C. v. Univ. of Detroit*, 904 F.2d 331, 334 (6th Cir. 1990). We will affirm the district court if we determine "that the pleadings, affidavits, and other submissions show 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996) (quoting FED. R. CIV. P. 56(c) (amended 1987) (current version of Fed. R. Civ.P. 56(2)).

When summary judgment is granted on statute of limitations grounds, "we must determine whether (1) the statute of limitations has run and (2) whether there exists a genuine issue of material fact as to when the plaintiff's cause of action accrued." *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001). "Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run." *Id*. If the defendant satisfies this requirement, "the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Id*.

**B.     FELA Statute of Limitations**

To determine when an action accrues under FELA's statute of limitations, we apply one of two rules: the time-of-event rule or the discovery rule. *Fonseca v. Consol. Rail Corp.*, 246 F.3d 585, 588 (6th Cir. 2001). Under the time-of-event rule, the action accrues "when the tortious event is committed" or "when there has been a violation of legally protected interests." *Id.* (internal quotation marks omitted). But for injuries and causes that "are so latent as to elude discovery at the time of the injury-causing event," we apply the discovery rule. *Id.* When the discovery rule applies, the action accrues when an employee, in the exercise of due diligence, reasonably should have discovered both the injury and its cause. *See Aparicio v. Norfolk & W. Ry. Co.*, 84 F.3d 803, 814 (6th Cir. 1996), *abrogated on other grounds by Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133 (2000); *see also Fonseca*, 246 F.3d at 588. All parties agree that the discovery rule applies to Henry's case because of the nature of his back injury.

For cases where the alleged tortious conduct *aggravates* an existing injury, however, we have held that such aggravation is not a severable cause of action for purposes of the statute of limitations. *Aparicio*, 84 F.3d at 815. *Aparicio* concerned an injured railroad worker who claimed that his employer aggravated his carpal tunnel injury. The worker reasoned that if such aggravation happened within the statute of limitations, it was not time-barred even if the actual injury happened outside of such period. We rejected the worker's approach reasoning that:

> the fact that an injury "has not reached its maximum severity . . . but continues to progress" does not relieve the plaintiff of the duty to use reasonable diligence to discover the original injury and its cause. Any "aggravation" of the original negligently caused injury would only affect the plaintiff's damages, and would not require a separate determination of liability or causation. Furthermore, a rule permitting severability of a claim that an original, continuing injury has been aggravated would contravene the purpose of the discovery rule articulated in *Urie* [*v. Thompson*, 337 U.S. 163 (1949)] requiring Federal Employers' Liability Act plaintiffs to use reasonable diligence to discover the cause of an injury once the injury manifests itself.

4

*Id.* (quoting *Fries v. Chi. & Nw. Transp. Co.*, 909 F.2d 1092, 1096 (7th Cir. 1990)).

## III.

The district court held that Henry's claim was time-barred because: (1) Henry was "'injured' for statute of limitations purposes in 2005 or October 2009 at the latest," when he learned of his degenerative back condition; and (2) a reasonable person would have informed himself at that point of the cause of his condition and circumstances that could worsen it. The court also held that the 2011 event was merely an aggravation of Henry's previously diagnosed degenerative back condition.[1]

### A. Separate Injury

Henry first argues that his claim is not time-barred because, viewing the evidence in the light most favorable to him, there is a genuine issue of material fact as to whether he sustained a new and distinct injury on March 11, 2011. He cites several non-binding cases from other courts and one from our circuit, *Fonseca*, 246 F.3d at 591, for the proposition that FELA's statute of limitations does not begin to run until temporary or *de minimus* symptoms of a condition become so continuous or serious that the condition's "accumulated effects" are realized.

In *Fonseca*, a railroad laborer filed a FELA action seeking damages for his carpal tunnel syndrome (CTS). Fonseca had experienced temporary, intermittent CTS symptoms in his hands for decades but only experienced continuous CTS symptoms within three years of filing suit. The district court granted the railroad's motion for summary judgment, holding that Fonseca's claim was time-barred under 45 U.S.C. § 56. We reversed, holding that there was a genuine issue of material fact as to whether Fonseca had experienced the "accumulated effects" of his

---

[1] The court made a final ruling that rejected Henry's claim that his assignment to Haverhill in 2010 somehow restarted the statute of limitations on his injury. Henry does not challenge this ruling on appeal except to argue that the 2011 event was a new injury.

CTS within the three-year period. *Id.* at 591. Central to our holding was our conclusion that Fonseca's claim could have lacked evidentiary support if he filed it within three years of his first transient ache and pain. *Id*. at 592.

Unlike *Fonseca*, Henry's injury was cognizable when the 2005 and 2009 MRIs revealed that he had experienced degenerative changes to his intervertebral discs. Such changes, by their very nature, are permanent. Henry never argues otherwise. Although Henry's pain may have subsided following the 2005 and 2009 events, there is no evidence that his degenerative condition improved. As a result, Henry experienced the "accumulated effects" of his degenerative back condition in October 2009, at the latest, when his condition was diagnosed.

Henry also argues that the 2011 event was a separate and distinct injury because he was unable to return to work and the pain was more severe than previous episodes. He cites several cases where other courts have held that employees experienced new, distinct injuries rather than aggravations of existing injuries, for statute of limitations purposes. *See Campbell v. CSX Transp., Inc.*, No. 1:07CV841, 2009 WL 2709280, at *3 (S.D. Ohio Aug. 25, 2009) (holding that there was a genuine issue as to whether an employee had a new back injury when the pain originated from a different location in his back and it was more severe than previous pain); *see also Green v. CSX Transp., Inc.*, 414 F.3d 758, 765 (7th Cir. 2005) (holding that there was a genuine issue as to whether the plaintiff had sustained a new injury to her shoulder when the pain was more severe than she had previously experienced and resulted in a new diagnosis).

If anything, these cases are in accord with our conclusion that the 2011 event was merely an aggravation of Henry's pre-existing injury. As the district court noted, Henry's medical diagnoses from 2005, 2009, and 2011 are virtually identical, Henry described the pain he experienced during those episodes the same way (acute, constant, and moderately severe lower

back pain), the episodes were brought on from similarly benign activity (bending over to pick up paper or getting out of a chair), and both the 2009 and 2011 episodes resulted in missed work (six months in the case of the 2009 event). Even if Henry's symptoms were more severe following the March 2011 event, that is not a basis to treat it as a separate injury for purposes of FELA's statute of limitations. *See Aparicio*, 84 F.3d at 815 (quoted above); *see also Mounts v. Grand Trunk W. R.R.*, 198 F.3d 578 (6th Cir. 2000) (holding that an employee's FELA claim for hearing loss was time-barred when the hearing loss was diagnosed five years before the lawsuit was filed even though it had worsened considerably since the original diagnosis).

Finally, Henry argues that the affidavit of Dr. Robert Zaas, which Henry offered in response to Norfolk's motion for summary judgment, created a question of fact as to whether his exposure to the Haverhill ground conditions in 2010 and 2011 caused a separate injury to his back. In that affidavit, Dr. Zaas, a board certified orthopedic surgeon, opined that Henry's work at the Haverhill plant "was a significant contributory factor in causing the ***symptomatic activation*** of Mr. Henry's degenerative disc disease and permanent disability from his railroad occupation." (Emphasis added); *see also id.* at 323 (calling the injury a "preexisting" one).

The district court rejected Henry's argument, reasoning that based on Dr. Zaas's affidavit, reasonable jurors could not disagree that the 2011 episode was a "manifestation of the same degenerative back condition about which [Henry] was informed in 2005 and 2009." The court explained that:

> On its face, Dr. Zaas' statement suggests that Plaintiff suffered from a degenerative back condition (diagnosed in 2005), a symptom of which manifested itself in 2011. Symptoms, however, of a previously-diagnosed condition are not considered a new injury for purposes of FELA's statute of limitations. *See, e.g., Mounts*, 198 F.3d at 580-82 (finding no separate injury when a plaintiff experienced worsened symptoms of a previously-diagnosed hearing condition). Dr. Zaas' affidavit does not affect the Court's conclusion that Plaintiff's

7

degenerative back condition became legally cognizable in October 2009 at the latest.

We agree. If anything, Dr. Zaas's affidavit confirms that the 2011 event was a symptom of Henry's previously diagnosed degenerative back condition.

**B.      Age-Related or Occupational Injury**

Henry also claims that the district court erred when it concluded that the 2011 event was merely a continuation of an earlier *occupational* injury. Henry contends that his degenerative back condition was purely age-related and not an occupational injury at all. Under Henry's line of reasoning, FELA's statute of limitations could not begin to run on a condition that was not work-related. He argues that only after being exposed to the Haverhill plant conditions in 2010 and 2011, he sustained a separate, traumatic injury, which aggravated his age-related condition. Central to Henry's argument is the rule that employees may be able to recover under FELA for damages caused by their employer's negligence in aggravating a pre-existing non-work related condition. *See Aparicio*, 84 F.3d at 815, n.7; *see also Stevens v. Bangor & Aroostook R.R. Co.*, 97 F.3d 594, 601-03 (1st Cir. 1996) (discussing apportionment of indivisible damages under FELA).

Henry's argument is unpersuasive. All of the evidence he has submitted suggests that his degenerative back condition is and always has been an occupational injury. Dr. Zaas's report notes that Henry himself "causally relates his disabling lower back condition to the physical stresses of working as a conductor for Norfolk," without limitation to Henry's work at Haverhill during 2010 and 2011. Henry's complaint also refers to his condition as an "occupational" injury and lists his duties during the *entire* course of his employment with Norfolk as the cause of such injury, without mention of his condition being solely age-related prior to 2010. Henry

even conceded in his deposition that in 2008 and 2009, he knew that his job was causing problems with his back.[2] There is no genuine dispute on this point.

The sole piece of evidence that Henry relies on to support his argument is the affidavit of Dr. Stanley Bigos, an orthopedic surgeon, which Norfolk offered in its motion for summary judgment reply. In his affidavit, Dr. Bigos opined that Henry's position with the railroad had no impact on his back condition. Henry believes that a reasonable jury could read this opinion to mean that his condition was age-related prior to 2010. But the opinion suggests that Henry's condition was *never* an occupational injury – not that it was purely age-related prior to 2010. A reasonable jury could not read it differently.

Henry also argues that there is a genuine issue as to whether the ground conditions at the Haverhill plant during 2010 and 2011 were a significant contributory factor in causing his injury. Because we hold that Henry's cause of action is barred by the statute of limitations and that, at most, the conditions at Haverhill ***aggravated*** his pre-existing, occupational condition, we do not address this question further.

**AFFIRMED.**

---

[2] The district court found that Henry's deposition statement was ambiguous because Henry may have been referring to an injury caused by a work-related car accident in 1989. We find no such ambiguity given that Henry admitted that such car accident did not injure his back and Henry made the admission in question when discussing his experience of back pain in 2005, 2008, and 2009. Even drawing all reasonable inferences in favor of Henry, a reasonable jury could not find Henry's statement was ambiguous.