NOT RECOMMENDED FOR PUBLICATION
FILE NAME: 23A0438N.06

Case No. 23-5039

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

DOUGLAS SEAL,

    Plaintiff-Appellant,

v.

NORFOLK SOUTHERN RAILWAY CO.,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)
)

**FILED**
Oct 12, 2023
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF
TENNESSEE

OPINION

Before: BATCHELDER, GRIFFIN, and BLOOMEKATZ, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** The plaintiff appeals the grant of summary judgment for the defendant based on the statute of limitations. We REVERSE and REMAND.

**I.**

Douglas Seal worked for the Norfolk Southern Railway Company as a carman on a "service truck" until August 2016, when he switched to a more physically demanding job on a "road truck," which required him to lift, carry, place, and operate rail jacks weighing 185 pounds each. At that time, he had chronic aches and pains that he and his doctor attributed to arthritis.

One morning in April 2018, Seal awoke with such severe pain in his right shoulder that he could not lift his arm above his head. On April 24, 2018, Seal saw a doctor for the pain, and the medical record from that visit says: "[Patient] complains of non-traumatic pain in right arm and shoulder. He states this has gradually progressed over the past year [and] that [it] has gotten worse this past week. [He] denies any traumatic injury." The doctor diagnosed this injury as "right shoulder pain . . . consistent with rotator cuff pathology," and ordered an MRI. While Seal made

the appointment because of the pain in his shoulder, this medical record documents a full physical exam, including blood tests and cancer screening, among other things. The doctor's assessment of Seal's shoulder says: "Shoulder Pain: The patient is being seen for an initial evaluation of shoulder pain. Symptoms: shoulder pain. The patient is currently experiencing symptoms. Associated symptoms: neck pain." The doctor did not record any arm, bicep, or elbow pain.

On June 5, 2018, Seal returned to the doctor for a follow-up appointment and the medical record from that visit says: "[Patient] states the pain in his shoulder is still there and he's still not able to raise his arm up. [He is] here to review results of [an] MRI," which "[s]howed [a] small full thickness tear of [the] supraspinatus tendon" (a tendon on the top of the shoulder).[1] On July 17, 2018, Seal had successful arthroscopic surgery on his right shoulder to repair "a significant high-grade tear of the rotator cuff." He rehabilitated his shoulder though physical therapy over the next year.

On November 2, 2020, Seal sued Norfolk Southern under the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51, claiming that Norfolk Southern's negligent workplace practices, conditions, and equipment had caused his injury. *See Fonseca v. Consol. Rail Corp.*, 246 F.3d 585, 588 (6th Cir. 2001) ("The FELA provides a federal cause of action against a railroad by any employee injured or killed as a result of the railroad's negligence."). Norfolk Southern moved for summary judgment, claiming that FELA's three-year statute of limitations, 45 U.S.C. § 56, had expired before Seal filed suit—i.e., that Seal's injury had accrued prior to November 2, 2017.

As the district court explained, "when no significant injury is discernable at the time of the tortious event, or if the cause of an injury is not apparent," then courts apply the "discovery rule"

---

[1] As with the April 2018 medical record, this record does not report any arm, bicep, or elbow pain.

to determine when the FELA cause of action accrued. *Fonseca*, 246 F.3d at 588 (applying *Urie v. Thompson*, 337 U.S. 163, 170 (1949)). "Under the discovery rule, a cause of action is deemed to have accrued when the plaintiff reasonably should have discovered both cause and injury." *Id.* (quotation marks and citation omitted). "[T]he afflicted employee [is] held to be injured only when the accumulated effects of the deleterious [conditions] manifest themselves." *Id.* at 589 (quotation marks and citation omitted). But where a later injury caused by the alleged tortious conduct is simply an "aggravation" of an earlier injury, such aggravation is not a 'separate" injury for purposes of FELA's statute of limitations and does not give rise to an additional claim. *See id.* (citing *Aparicio v. Norfolk & W. Ry. Co.*, 84 F.3d 803, 815 (6th Cir. 1996)); *see also Henry v. Norfolk S. Ry. Co.*, 605 F. App'x 508, 511 (6th Cir. 2015) ("[W]here the alleged tortious conduct [merely] *aggravates* an existing injury, . . . such aggravation is not a severable cause of action for purposes of the statute of limitations.").

The district court relied on Seal's deposition testimony, his self-reported medical history as recorded in his April 2018 medical record, and a medical record from a March 2017 doctor's visit to hold that Seal "knew or reasonably should have known of his [shoulder] injury by March 2017, . . . when he sought medical treatment for such pain, and that his later, April 2018 pain was an aggravation of the prior pain." The district court explained:

> On March 2, 2017, [Seal] presented to a doctor complaining of sharp pain in his right arm when lifting heavy objects, which [Seal] later admitted included the portable rail jacks he used at work. The records from this visit indicate that [Seal]'s right arm pain was 'chronic' and 'work/occupational, repetitive,' which [Seal] admitted was information he provided.[2] [Seal] also admitted that there was no question in his mind that the pain he was experiencing in March 2017 was a result

---

[2] This sentence claims to quote from the March 2017 medical record (i.e., "this visit"), but that is incorrect. The quoted language—that Seal's right arm pain was "chronic" and "work/occupational, repetitive"—is taken from a medical record of Seal's physical therapy office visit on July 23, 2018. Similarly, Seal's testimony that his pain was from jacking of railroad cars was referring to the pain he was experiencing in July 2018, not March 2017.

of jacking the railroad cars. And, when [Seal] experienced the more severe arm and shoulder pain in April 2018, approximately one year after this March 2017 visit, [Seal] informed doctors that the pain he was experiencing had 'gradually progressed over the past year.' Accordingly, the records from his April 2018 doctor's visit confirm that [Seal]'s arm and shoulder pain was an aggravation of the pain he experienced in March 2017, rather than a separate injury.

Based on this assessment, the district court found that there was no genuine dispute of material fact as to when Seal discovered the "arm and shoulder" injury and its cause, held that FELA's three-year statute of limitations barred Seal's claim as a matter of law, and granted summary judgment to Norfolk Southern.

## II.

"We review the district court's grant of summary judgment *de novo*, viewing all the evidence and inferences therefrom in a light most favorable to the nonmoving party." *Campbell v. Grand Trunk W. R.R. Co.*, 238 F.3d 772, 775 (6th Cir. 2001) (citation omitted). Summary judgment is appropriate only when there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Where, as in this case, summary judgment was granted on statute-of-limitations grounds, we must determine whether (1) the statute of limitations has run and (2) whether there exists a genuine issue of material fact as to when the plaintiff's cause of action accrued." *Campbell*, 238 F.3d at 775 (citation omitted).

The district court conflated Seal's bicep (arm) pain and rotator cuff (shoulder) pain and treated them as if they were the exact same thing. Consequently, the district court inferred from Seal's March 2017 medical record that Seal "knew or reasonably should have known of his [shoulder] injury by March 2017." And from this conflation and inference, the district court concluded that "the records from his April 2018 doctor's visit confirm that [Seal]'s arm and

shoulder pain was an aggravation of the pain he experienced in March 2017, rather than a separate injury."

But a bicep and a rotator cuff are not the same thing, and the district court did not draw the correct inference from the medical records. The March 2017 medical record documents a full physical exam that identified problems ranging from esophageal reflux and obesity to high blood pressure and stress. But, as relevant here, in the history section, Seal reported that his "[o]nly new complaint is right bicep pain and weakness for the last one year." The doctor reported: "No gross motor deficits noted[,] . . . [but] [t]enderness to palpation with deep palpation of right bicep distal insertion site," and diagnosed this as "bicep tendinitis." At his deposition, Seal testified that this pain was in his lower bicep, near his elbow: "I'd had the tennis elbow, and I even had a brace to keep wearing on it because it would hurt in the lower bicep." Even viewing this evidence objectively, rather than in the light favorable to Seal, the most reasonable inference from the March 2017 record is that the lack of any mention in that record of any shoulder pain or injury means that Seal did not have any shoulder pain or injury at that time. Seal had bicep pain due to a diagnosed bicep tendinitis; he did not have shoulder pain from a torn supraspinatus tendon or rotator cuff.

Because this March 2017 medical record about his *bicep* does not support, and actually refutes, Seal's *shoulder* injury, this cause of action had not accrued in March 2017.[3] *See Fonseca*, 246 F.3d at 592 ("[I]f [the plaintiff] had filed a FELA suit . . . without any medical evidence beyond his transient aches and pains . . . , the railroad would likely have claimed that the action

---

[3] To be clear, we address only whether Seal's shoulder injury, not his bicep injury, is time-barred. Though Seal originally raised claims regarding his "right arm and shoulder," he appeared to abandon in the district court any claims regarding his bicep injury. And even though the district court concluded that Seal's "arm and shoulder pain was an aggravation of the pain he experienced in March 2017," Seal does not challenge on appeal the district court's holding that his *arm* pain is an aggravation of a past injury. Seal has therefore forfeited any challenge to this issue. *See United States v. Calvetti*, 838 F.3d 654, 664 (6th Cir. 2016) (finding an issue on appeal to be forfeited when an appellant failed to include the issue in the table of contents or "issues presented" section of the appellate brief).

lacked any evidentiary support."). Moreover, given the absence of any diagnosis of any shoulder injury (i.e., torn supraspinatus tendon or rotator cuff) prior to April 2018, there is no basis to say that Seal's 2018 shoulder pain and injury were due to aggravation of any *diagnosed* condition. *See Henry*, 605 F. App'x at 513 (relying on a "previously diagnosed degenerative back condition").

The inquiry therefore becomes: (1) whether Seal's shoulder pain became so severe that he should have recognized it as an actionable injury (i.e., that his FELA claim had accrued) even without a doctor's diagnosis, *see Caputo v. CSX Transp., Inc.*, 70 F.3d 1271 (6th Cir. 1995) (table); *see also Sweatt v. Union Pac. R.R. Co.*, 796 F.3d 701, 708 (7th Cir. 2015); and (2) if so, whether the manifestation of that injury happened prior to November 2017, outside of FELA's three-year statute of limitations, *see Urie*, 337 U.S. at 170. The burden is on Norfolk Southern to prove that Seal's shoulder pain manifested itself before November 2, 2017. *See Campbell*, 238 F.3d at 775 ("Because the statute of limitations is an affirmative defense, the burden is on the defendant to show that the statute of limitations has run."). Apart from the March 2017 medical record, the only remaining evidence relied upon by the district court is that Seal, in recounting his personal medical history at his April 2018 doctor's visit, said that his shoulder pain had "gradually progressed over the past year [and] that [it] has gotten worse this past week." But that statement alone, particularly in light of his history of aches, pains, and arthritis, does not reveal when the shoulder pain—nonexistent at his March 2017 appointment—transitioned from ordinary aches and pains to an unmistakable shoulder injury, especially when viewing the facts in the light most favorable to Seal. The same is true regarding Seal's statements during post-surgery physical therapy that his shoulder pain had gradually increased since he began the road-truck job in 2016. Drawing inferences from Seal's April 2018 and later statement in his favor leads to the conclusion that the earliest this shoulder injury manifested itself was a week prior to the appointment.

Based on the record evidence, Norfolk Southern has not shown that Seal's cause of action necessarily accrued more than three years before he filed this lawsuit. At most, a genuine dispute of material fact exists as to when this action accrued—i.e., when Seal should have recognized his shoulder pain as an actionable injury. Either way, summary judgment was improper.

**III.**

For the forgoing reasons, we REVERSE the judgment of the district court and REMAND for further proceedings consistent with this opinion.